UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10397-RGS

SALAH ABDEL-ALEEM

v.

OPK BIOTECH LLC, ZAFIRIS ZAFIRELIS,
ALEX PUGACHEV and DOES DEFENDANTS 1-10

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS AND RELATED
MOTION AND PLAINTIFF'S REQUEST
FOR A PERMANENT INJUNCTION

April 6, 2011

STEARNS, D.J.

The motion to dismiss will be allowed. Plaintiff has invoked this court's diversity jurisdiction in what appears to be a tactical ploy to derail the litigation pending in Middlesex Superior Court, where plaintiff is being sued in a 2007 case revived by the successor-in-interest to the original plaintiff. The centerpiece of the complaint is a motion for an order from this court enjoining the state court proceeding.

The court agrees that the Complaint does not set forth sufficient facts to show that the amount in controversy exceeds the $75,000 jurisdictional threshold established by 28 U.S.C. § 1332(a).[1] *See Coventry Sewage Assocs., Inc. v. Dworkin Realty Co.*,

---

[1] The Amended Complaint states: "This Court has proper jurisdiction over the subject matter and over the parties on the grounds that all parties have diverse

71 F.3d 1, 4 (1st Cir. 1995). Attorneys' fees, present and prospective, may not be included in determining whether a plaintiff has met the jurisdictional threshold unless they are contractual in nature (or mandated by statute). *Id*. at 3 n.2.² Whether plaintiff has successfully pled an abuse of process claim (it would appear that he has not) is a matter for the state court to resolve, should plaintiff choose to raise the issue in that forum. *See Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995) ("When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1)

---

citizenship and because Plaintiff alleges that the amount of controversy is at least $1,000,000, exclusive of interest and costs, which exceeds the minimum requirement of $75,000, pursuant to 28 U.S.C. § 1332." Am. Compl. at ¶ 3. However, other than simply reciting what appears to be an imaginary number, Abdel-Aleem does not allege sufficient facts to address the jurisdictional challenge. *See Rodríguez v. SK & F Co.*, 833 F.2d 8, 8 (1st Cir.1987) (per curiam) (affirming dismissal for lack of subject matter jurisdiction where "the plaintiff has failed to allege grounds upon which to support either his conclusory allegation of diversity jurisdiction or federal question jurisdiction."); *cf. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (in reviewing a motion to dismiss for failure to state a claim, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

² If faced with a motion to dismiss, a plaintiff has the burden of proving jurisdiction; he "may meet this burden by amending the pleading or by submitting affidavits which sufficiently substantiate the alleged amount in controversy." *Hardemon v. City of Boston*, 144 F.3d 24, 26-27 (1st Cir. 1998). Although Abdel-Aleem has amended his Complaint to state that "the amount in controversy is at least $1,000,000," he offers no further substantiation of this claim.

2

motion first. . . . It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect.").[3]

ORDER

OPK's unopposed Motion for Judicial Notice of Records in Related State-Court Proceeding (Dkt #7) is <u>ALLOWED</u>. OPK's Motion to Dismiss (Dkt #5) is <u>ALLOWED</u> pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's Motion to Stay State Court Proceedings (Dkt # 3) is MOOT. The Clerk will enter an order of dismissal and close the case.

SO ORDERED.

---

[3] Because the court lacks jurisdiction over the matter, it has no authority to issue an injunction. However, the court notes that such injunctions are rarely, if ever, granted. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (holding that the anti-injunction cautions of *Younger v. Harris*, 401 U.S. 37 (1971), are equally applicable to civil proceedings); *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-287 (1970) (rejecting the argument that "in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions" to the anti-injunction statute"). In support of his motion to stay the state court proceeding, Abdel-Aleem cites *Clinton v. Jones*, 520 U.S. 681, 706 (1997), *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), and *Deluca v. Blue Cross Blue Shield of Mich.*, 2007 WL 715304, at *1 (E.D. Mich. 2007), for the proposition that federal courts have broad discretion to stay proceedings. However, these cases deal with a court's power to stay its *own* proceedings, not those of another court.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE